UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY, #269436,

    Plaintiff,

v.           CASE NO. 2:19-CV-13393
             HONORABLE ARTHUR J. TARNOW

SGT. PETERSON,

    Defendant.
              /

## OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING THE CIVIL RIGHTS COMPLAINT

**I. Introduction**

Michigan prisoner Bryan Cary ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). His complaint concerns the validity of his parole proceedings, particularly his ability to present certain evidence. Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II. Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under

certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 1:18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Plaintiff also is on notice that he is a three-striker having had cases dismissed pursuant to

28 U.S.C. § 1915(g). *See, e.g., Cary v. Parole Bd., et al.*, No. 19-cv-12634 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Plaintiff alleges no such facts to indicate that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

**III. Conclusion**

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he fails to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the

three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($50.00).

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

\_s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: November 27, 2019